BOUEDIN, X,
delivered the opinion of the Court:
The prisoner was indicted for stealing bank notes, under the 8th section of the Act of February, 1819, concerning certain thefts and forgeries, which section is in these words : “ If any person, bond or free, shall steal, or take by robbery, from the possession of any other person, any bank note or bill, post note, check, or any warrant or certificate, bond, nóte, or other writing or paper in this Act mentioned, or any other writing or paper of value; the person so offending shall be deemed guilty of felony; and shall be punished in the same manner as for stealing or taking by robbery goods and chattels.” The Indictment contains,several Counts, in some of which the notes stolen are described as notes purporting on their faces to be, and being bank notes of, and issued by banks chartered by the States of North Carolina and Georgia. The other Counts state ^positively that they were notes of, and
issued by the said banks, saying nothing of what they purported to be on their faces. The jury found the prisoner guilty, subject to the opinion of the Court, on the following questions : 1. Whether it was necessary in that case to prove that the banks which issued the notes stolen had been regularly chartered by the States of North Carolina, and Georgia, respectively ? And 2. If such proof be necessary, whether the printed Statute book of one of the said States, containing the Charters of the banks of that State, and proved by a Judicial officer of the said State to contain the public written Eaw of said State, as received and acted on in the Courts of Justice there, be competent and sufficient evidence of the Charters therein contained ?
The Writ of Error is applied for on the ground; 1. That the Act of 1819, before quoted, according to the true construction thereof, embraces notes issued by Chartered banks only, and that it is therefore necessary to aver and prove that the banks which issued the notes are Chartered banks. 2. That if the term “bank note” is not to be so restricted, yet in this case the same proof is required because the fact is averred to be so in the Indictment, and the proof must correspond with the allegation. And 3. That in either case, the only legal proof, both by the general Eaw of evidence, and the Constitution and Eaw of the United States, is an authenticated copy of the Charters under the Seal of the State.
In support of the first proposition, the Counsel, strongly argued, that the term “bank note” ought to be restricted to mean the Chartered notes before mentioned in the said Act, the forgery whereof is made felony, (a) The reasons which he urged for this restriction, *264 were first, that the term, if taken in its unlimited sense, denotes and takes in banknotes which are prohibited by Law to be made and circulated, and which he supposed the Legislature did not intend to protect; and secondly, because of the provision following the said term in the same section providing against the stealing of any other writing or paper “in this Act mentioned,” which last words, he contended, should be annexed to each of the writings before described : that view was strongly enforced by the apparent necessity of some *certain rule by which to limit the general meaning of the terms “warrant or certificate,” found in the same section.
The force of this reasoning was felt by the Court and would have been followed, but for opposing reasons of more weight. In the first place, we are all of opinion, that the provision making it larceny to steal bank notes, when it was first introduced into our Code, (b) embraced any available chose in action bearing, that name, and so it has been in substance decided by this Court, in several Cases : (c) and we do not think that the Law (being re-enacted in the same words), should by implication be táken to be altered, when incorporated with other Laws on the same subject, unless that implication be strong, and unopposed by matter equally calling for the original construction. On the first view of the argument for the prisoner, on this point, the implication demanded seems strongly to arise, but on a close examination of the aforesaid 8th section, it not only does not appear that the Legislature used the term bank note in the restricted sense contended for, but the reverse appears ; for, it is the declared will of the Legislature to embrace not only the writing, before designated in that section, but also, “any other writing or paper of value,” which last description 'Would certainly take in any available chose in action called a bank note, not embraced by the first, should the general term be restricted as contended for. Why then should we restrict the term, when the same section shews that it may be fairly understood in its enlarged sense, and according to its natural meaning ? The same words also furnish a good-rule for limiting and explaining the terms “warrant, and certificate,” before mentioned, which mean papers of that description, being of value, and capable of a conversion. We are therefore unanimously of opinion, that the Indictment in'question might have omitted all the allegations concerning the banks having been chartered, the offence being complete without them.
The Court are also unanimously of opinion, that the notes when produced, must appear to be the same as those charged in the Indictment, in some of the Counts in which •■They are said to be notes purporting on their face to be, bank notes of certain banks, &c.
A majority of the Court are of opinion, that the charge “and being notes of banks chartered, &c.” may be rejected as surplusage. These words may be rejected, because the sense of the sentence is left entire, the description of the notes complete, and the fact constituting the offence is fully stated without them. They constitute an independent allegation of an immaterial fact, and, therefore, need not be proved. This Case is not like the Case of The Commonwealth v. Butts, in this Court, ante, p. 18, where the party was charged with unlawful gaming in the booth of Skinner, at a public place, and proof offered of the offence having been committed at the booth of another-person, was held.a fatal variance, the place in the charge mentioned being a constituent part of the offence under the Law to punish gaming at taverns, and other public places. A majority of the Court, therefore, think that proof of the Charters of the banks which issued the notes charged in the Indictment to have been stolen, was not necessary. The Writ of Error is therefore denied, without deciding the second question referred by the jury to the Court.

 See the whole Act, ch. 15t, p. 578-81.

 Acts of 1800, ch. 10, § 3 ; See 2 Rev. Code of 1808, ch. 91, p. 118.

 Cummings v. The Commonwealth, ante, p. 128; The Commonwealth v. Moseley, ante, p. 154.